IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KELLEN POWELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:20-cv-1789-C-BN |
| § | |
| U.S. DEPARTMENT OF STATE, § | |
| Executive Office, Office of the Legal § | |
| Adviser, § | |
| § | |
| Defendant. § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kellen Powell, an attorney, filed this *pro se* action against Defendant U.S. Department of State under the Freedom of Information Act. *See* Dkt. No. 3. Senior United States District Judge Sam R. Cummings referred Powell's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Department moved to dismiss Powell's initial complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). *See* Dkt. Nos. 10 & 11. He responded by filing a first amended complaint seven days later. *See* Dkt. No. 14; FED. R. CIV. P. 15(a)(1)(B). The Department then moved to dismiss the first amended complaint under Rule 12(b)(1). *See* Dkt. Nos. 17 & 18. Powell responded and, through the same filing, moved for summary judgment. *See* Dkt. No. 20. The Department replied in

support of its motion to dismiss the first amended complaint and responded to Powell's summary judgment motion. *See* Dkt. Nos. 24-27. And Powell replied in support of summary judgment on his claims. *See* Dkt. No. 28.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the Department's motion and dismiss this case without prejudice under Rule 12(b)(1).

## Applicable Background

As set out in the first amended complaint for declaratory and injunctive relief, Powell "is the requester of the records [that he alleges are] being improperly withheld by the [Department]." Dkt. No. 14, ¶ 4. More specifically, "Powell filed a FOIA request online on December 11, 2019, requesting the visa approval and denial numbers by visa category and by post covering the time period between October 1, 2018 and December 11, 2019." *Id.*, ¶ 8. Powell described that records request, made to the Department's FOIA mailbox, as:

> Visa approval and denial numbers by visa category and by post. The format should be as follows: An excel spreadsheet with each post having their own worksheet. In each work sheet the first row should be as follows: the first column stating "Visa Type", the third column stating "Issued", the fourth column stating "Refused". The subsequent rows should list the visa type, raw number of visas issued and raw number of visas refused correlated to the associated visa type. I am requesting the numbers for several time periods. I'd like the numbers for all of FY2019 in one spreadsheet. I'd like the numbers for each month in 2019 with a separate spreadsheet for each month.

Dkt. No. 18 at 6.

Powell further alleges that

> [the Department] emailed [him] on February 6, 2020 stating that it had received the FOIA request on December 12, 2019 and that the request would be put in the complex processing track. The agency also stated that the [Department] would not be able to respond within the usual twenty days.
> [The Department] was required to respond to [Powell's] FOIA request by January 14th, 2020.
> [The Department] did not state any objections, privileges or claim any exemptions in their February 6 response.
> [The Department] emailed [Powell] on August 14, 2020 stating that the document attached to the email was their final response.
> [The Department's] response stated that all of the information requested by [Powell] is publicly available, that any information that is not publicly available is exempt, and listed exemptions without stating which exemption applied to the withheld material.
> [The Department's] August 14, 2020 response did not include any statement or affidavit that [the Department] had conducted a search for the requested records.
> As of the date of this complaint[, August 27, 2020, the Department] has failed to produce any records responsive to [Powell's] request or demonstrate that responsive records are exempt from production.
> The publicly available visa statistics do not include the statistics requested by [Powell's] FOIA request. The publicly available information includes the number of immigrant petitions filed per category, immigrant visas issued by state of chargeability and category, number of nonimmigrant visas issued and refused per nonimmigrant type, nonimmigrant visas issued by type and nationality, nonimmigrant visas issued by post and type. The information does not include the number of visas refused by post nor does it include the reasons for refusals.

Dkt. No. 14, ¶¶ 9-16 (citations omitted).

Based on these alleged facts, Powell contends that the Department "is unlawfully withholding records [he] requested … pursuant to 5 U.S.C. § 552," causing him irreparable harm; that the Department "has violated the FOIA by failing to

- 3 -

produce any and all non-exempt records responsive to [his] FOIA request within the twenty (20) day time period set forth at 5 U.S.C. § 552(a)(6)(A)(i)"; that the Department "did not communicate the need for extra time based on unusual circumstances as allowed by 5 U.S.C. § 552(a)(6)(B) within the maximum allowed time of 30 days to respond to a FOIA request"; and that, when the Department "did make a determination as to the records it would produce, [it] did not respond with responsive documents" nor present "any evidence that they have searched for the requested records as required by 5 U.S.C. § 552(a)(3)(C)"; thus, the Department "has not stated that the records do not exist in a form or format that can be readily reproducible." Dkt. No. 14, ¶¶ 18-22.

And Powell has requested that the Court order the Department "to conduct a search for any and all responsive records to [his] FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to [that] request" and "to produce, by a date certain, any and all non-exempt records responsive to [his] FOIA request and [an] index of any responsive records withheld under claim of exemption"; enjoin the Department "from continuing to withhold any and all non-exempt records responsive to [Powell's] FOIA request"; and award him fees and costs. *Id.* at 4.

## Legal Standards and Analysis

The Department maintains that this case must be dismissed under Rule 12(b)(1), for lack of subject matter jurisdiction and "[w]ithout reaching the substance

of [Powell's] motion for summary judgment," "for at least two reasons. First, [his] claim regarding timeliness is moot because [the Department] has already completed its response regarding any nonexempt documents responsive to [Powell's] request. And, second, to the extent [Powell] requests that the Department create an agency record for him, the FOIA does not impose any such requirement." *E.g.*, Dkt. No. 26 at 13.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations

omitted). And where, like here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack on jurisdiction is considered "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

A "factual" attack on jurisdiction, however, is based on affidavits, testimony, and other evidentiary material. *See id.* Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523; *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

And the Court is required to "consider the Rule 12(b)(1) jurisdictional attack before addressing [Powell's motion] on the merits," to prevent "a court without

jurisdiction from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)); *see also Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) ("Generally speaking, a court cannot assume that it has jurisdiction and proceed to resolve a case on the merits." (citations omitted)).

"Jurisdiction in a FOIA suit is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)); *see also Hart v. FBI*, 91 F.3d 146 (table), 1996 WL 403016, at *1 (7th Cir. July 16, 1996) (per curiam) ("The FOIA provides jurisdiction in the district courts to 'enjoin' an agency, subject to the Act, from 'withholding agency records and to order the production of any agency *records improperly withheld* from the complainant.'" (quoting 5 U.S.C. § 552(a)(4)(B); citing *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 145 (1989); emphasis added by *Hart*)).

Consistent with Powell's burden to show "that jurisdiction does in fact exist" over this lawsuit, *Ramming*, 281 F.3d at 161, "[p]laintiffs who do not allege any improper withholding of agency records fail to state a claim for which a court has jurisdiction under the FOIA," *Goldgar*, 26 F.3d at 34 (citations omitted). And, "[w]hile it is the agency's burden to prove the non-existence of records sought, an agency meets that burden by providing evidence that the FOIA officer conducted a thorough search

of the agency's records to no avail." *Stone v. U.S. Dep't of Justice*, No. 3:19-cv-985-K-BT, 2020 WL 5134755, at *2 (N.D. Tex. Aug. 10, 2020) (citing *Goldgar*, 26 F.3d at 34), *rec. accepted*, 2020 WL 5110367 (N.D. Tex. Aug. 29, 2020).

First, insofar as Powell's lawsuit includes a claim that the Department failed to timely respond to his FOIA request, *see* Dkt. No. 14, ¶ 20 (The Department "has violated the FOIA by failing to produce any and all non-exempt records responsive to [his] FOIA request within the twenty (20) day time period set forth at 5 U.S.C. § 552(a)(6)(A)(i)."), that claim was mooted by the Department's response to Powell's FOIA request, *see Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993) ("Insofar as Voinche challenged the tardiness of the FBI's response, his claim was rendered moot by the FBI's response to his request."); *Tracy v. U.S. Dep't of Justice*, 117 F. Supp. 3d 1, 5 (D.D.C. 2015) ("Plaintiff is not entitled to relief simply because the FBI disclosures were made more than 20 days after Plaintiff submitted her FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i).... '[I]f the agency does not adhere to FOIA's explicit timelines, the "penalty" is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court.' 'Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.'" (citations omitted)); *cf. Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) ("We agree with the District Court that the case is not moot. CREW's complaint not only asserted that the FEC failed to respond to CREW's

request in a timely fashion, but also raised a substantive challenge to the agency's withholding of responsive, non-exempt records." (emphasis added)).

More broadly, Powell asserts that the Court has jurisdiction over his case since the Department

> is withholding responsive records because it believes that it is not required to provide records in the form or format requested by [Powell]. What appears to be in dispute here is whether [his] request involves "agency records." [Powell] requested visa approval and refusal numbers sorted by consulate and by category which the Court can see is not included in the information publicly available. [The Department's] only argument can be that it is not required to provide the requested records because the record isn't an agency record that exists in the format requested by [Powell]. The court record, including pleadings, motions, and exhibits, are enough to prove that it is facially plausible that Defendant has improperly withheld agency records.
> 
> FOIA requires disclosure of nonexempt information, [The Department's] failure to provide nonexempt responsive records violates FOIA's primary principles.

Dkt. No. 20 at 5.

And Powell may be correct insofar as jurisdiction under the FOIA turns on what are agency records. That is, "the FOIA applies only to information in record form. 'The Freedom of Information Act deals with "agency records," not information in the abstract.'" *Goldgar*, 26 F.3d at 34-35 (quoting *Forsham v. Harris*, 445 U.S. 169, 185 (1980); citing *Kissinger*, 445 U.S. at 152 ("The act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained. It has been settled by decision of this Court that only the Federal Records Act, and not the FOIA, requires an agency to actually create

records, even though the agency's failure to do so deprives the public of information which might have otherwise been available to it."); *see also id.* at 35 (concluding that "the FOIA merely affords the public free access to 'records' which contain information within the control of the agency at the time of the FOIA request" (citing *Tax Analysts*, 492 U.S. at 145)).

But, as this authority reflects, Powell is not correct that the FOIA requires "disclosure of nonexempt information," Dkt. No. 20 at 5 (emphasis added), or that the FOIA requires the Department "to create an adequate record in response to" his request, *Aldridge v. Rossotti*, 32 F. App'x 128, 2002 WL 334982, at *1 (5th Cir. Feb. 21, 2002) (per curiam) ("Aldridge contends that the IRS did not investigate or create an adequate record in response to his 1999 fraudulent-document complaint. Such claims are not cognizable under the FOIA." (citing *Kissinger*, 445 U.S. at 150-51; *Goldgar*, 26 F.3d at 34-35)); *see also Flightsafety Servs. Corp. v. Dep't of Labor*, 326 F.3d 607, 613 (5th Cir. 2003) ("[T]he FOIA does not require the government to" create "new agency records." (citing *NLRB v. Sears, Roebuck Co.*, 421 U.S. 132, 161-62 (1975) (The FOIA "only requires disclosure of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create." (citation omitted)))).

Further, Powell's reliance on Section 552(a)(3)(B) to require the Department to provide the information requested in his spreadsheet does not show that an agency has improperly withheld agency records to provide jurisdiction under the FOIA.

True, the Act does now require that a federal agency "provide the record in any form or format requested by the [requestor] <u>if the record is readily reproducible by the agency in that form or format</u>. [And] each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section." 5 U.S.C. § 552(a)(3)(B) (emphasis added).

This language became part of the FOIA in 1996, when

> Congress amended the definition of "record" to include electronic records. ELECTRONIC FREEDOM OF INFORMATION ACT AMENDMENTS of 1996, PUB. L. 104-231, 110 Stat. 3048, 3049 (codified as amended at 5 U.S.C. § 552(f)(2)) [the E-FOIA]. The amended version also directs agencies to provide records in the format specified by the requester: "In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B).

*Samples v. Bureau of Prisons*, 466 F.3d 1086, 1088 (D.C. Cir. 2006).

As the title of this amendment suggests, "the primary congressional concern was to provide for public access to electronic records." *Aguiar v. Drug Enf't Agency*, 992 F.3d 1108, 1112 (D.C. Cir. 2021) (citing *Patchak v. Salazar*, 632 F.3d 702, 709 (D.C. Cir. 2011) (citing, in turn, *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998))).

But the E-FOIA changes to the FOIA do not obligate a federal agency "to create new records." *Id.* at 1113 ("Today, the court need not define the precise scope of the phrase 'form or format' in § 552(a)(3)(B) or identify the line distinguishing a 'form or format' of a record from an entirely new record. Whatever that line, the record before this court shows that to produce the maps requested by appellant – like those viewed

by DEA agents during their investigation or those introduced at appellant's trial by the U.S. Attorney's Office – DEA would have to create new records.... [But] FOIA 'only obligates [an agency] to provide access to those [records] which it in fact has created and retained.'" (quoting *Kissinger*, 445 U.S. at 152)); *see also id.* at 1111 ("Section 552(a)(3)(B), by its plain terms, speaks to the 'form or format' of a 'record.' Although FOIA does not define the term 'record,' a 'record' includes 'any information that would be an agency record ... when maintained by an agency in any format, including an electronic format.' 5 U.S.C. § 552(f)(2). The Report of the House Committee on Government Reform and Oversight explained that § 552(f)(2) 'does not broaden the concept of an agency record,' while noting that FOIA occasionally uses the terms 'record' and 'information' interchangeably. H.R. REP. NO. 104-795, at 19-20 (1996)." (citation omitted)).

      Here, the Department has submitted the declaration of its official immediately responsible for responding to FOIA requests indicating that the Department "does not maintain a spreadsheet matching the specific criteria that Mr. Powell requested." Dkt. No. 18. The Department has therefore satisfied its burden "to prove the non-existence of records sought." *Stone*, 2020 WL 5134755, at *2. And, for all the reasons set out above, Powell has not alleged "any improper withholding of agency records" and thus has "fail[ed] to state a claim for which a court has jurisdiction under the FOIA." *Goldgar*, 26 F.3d at 34. This requires the dismissal of this case under Rule 12(b)(1) without addressing the merits of Powell's motion for summary judgment.

**Recommendation**

The Court should grant Defendant U.S. Department of State's motion to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(1) [Dkt. No. 17] and dismiss this case without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE